UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OLIVER WELLINGTON

V.                                             D.N.  __ cv __

NORWALK HOSPITAL                               DECEMBER 27, 2018

## COMPLAINT

### I.   Parties

1.  The Plaintiff, Oliver Wellington is a resident of Norwalk, Connecticut.  He is a member of a protected class as he is a 60 year old (DOB: October 5, 1958) Jewish, male.

2.   The Defendant is Norwalk Hospital it is a part of the is Western Connecticut Health Network, Inc. which owns Norwalk Hospital ("Norwalk Hospital").  Norwalk Hospital has a business address at 24 Stevens Street, Norwalk, Connecticut 06856 and employs in excess of 300 employees.

### II.  Jurisdiction, Venue and Equitable Relief

3.  This action against Norwalk Hospital arises under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e and the Civil Rights Act of 1991 ("Title VII").  It also arises under the Age Discrimination in Employment Act of 1967 as Amended, 29 U.S.C. Sections

621 et seq. and Connecticut General Statutes Sections 46a-58(a) and 46a-60(a)(1).  This
Honorable Court has jurisdiction over this action pursuant to 42 U.S.C. Section 2000e-5(f).
Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g) and the Age
Discrimination in Employment Act as Amended.

4.  The Plaintiff has exhausted the administrative remedies made available to him by filing his
claims with the Connecticut Commission on Human Rights and Opportunities ("CCHRO")
and the Equal Employment Opportunities Commission ("EEOC") Case Number 523-2018-
01766 and then requesting a release of jurisdiction and having the request granted by way of
a "Release of Jurisdiction" from the EEOC dated October 19, 2018 (attached).

5.  Venue is proper in this District and Division pursuant to 42 U.S.C. Section 2000e-5(f)(3)
because a substantial part of the events giving rise to Plaintiff's claim arose here and one or
more of the breaches of which Plaintiff complains occurred here.

**III. Statement of Facts**:

6.  The Plaintiff is a 60 year old (DOB: October 5, 1958) Jewish male.

7.  The Plaintiff began working for Norwalk Hospital in Norwalk, Connecticut on March 13,
2000 as a Staff Registered Nurse.

8.  Norwalk Hospital employs over 300 employees.

9.  He soon became one of the top ten nurses in the Hospital having a perfect clinical record.

10. He served on the Hospital's nursing quality council and made work schedules for his Department.

11. The Plaintiff consistently received raises and above average performance reviews.

12. Throughout his employment with Norwalk Hospital, the Plaintiff was a loyal, hardworking employee doing an exemplary job.  He always went above and beyond to serve the interests of the Hospital and did not have a disciplinary record.

13. For many years Norwalk Hospital accommodated the practices of his Jewish religion by allowing him to take certain days off so that he could observe his religion.

14. However, in September, 2017, he was scheduled to work Yom Kippur and he was scheduled to work Saturdays.  Saturday is a holy day in the Jewish religion.  He complained to management that he was being forced to work on holy days.  Management refused to accommodate his requests to take certain days off for his religious observance.

15. He filed a formal complaint with Norwalk Hospital in regard to this scheduling and he was allowed to take off Yom Kippur but was not accommodated by management regarding Saturdays.  He was forced to try to make his own accommodations so that he could take off Saturdays.

16. During the time he worked for the Hospital, management of the Registered Nurses was primarily female.

17. The Plaintiff was discriminated against on the basis of his age, gender and religion by other employees at Norwalk Hospital including management.

18. During his employment at Norwalk Hospital, the Plaintiff observed the repeated departure of older nurses who were often replaced by nurses in their 20s.

19. While working at Norwalk Hospital, the Plaintiff witnessed pervasive discrimination against male nurses and suffered discrimination on the basis of his gender on multiple occasions.

20. While working at Norwalk Hospital the Plaintiff witnessed a female nurse administer a potentially fatal dose of insulin by mistake and she was not terminated because of her gender.

21. While working at Norwalk Hospital the Plaintiff was reprimanded for sitting on the floor when there was no chair available while female nurses were not disciplined or reprimanded because of their gender.

22. While working at Norwalk Hospital the Plaintiff was reprimanded for using his cell phone when female nurses used their cell phones without reprimand or discipline because of their gender.

23. Norwalk Hospital is dominated by female nurses.

24. His last job with Norwalk Hospital was as staff nurse.

25. In December, 2017, the Plaintiff self-reported a medication discrepancy within an hour after he made the mistake.

4

26.  He met with the Nursing Director who reported the incident was "dangerous".

27. The patient was never in any danger because the medications were correct and achieved a

fully therapeutic result and the patient was closely monitored by the Plaintiff and the

physician.

28. Doctor Sheynberg who made the order said nothing needed to be done except that the patient

needed to be monitored for blood pressure and heart rate.  Fifteen minutes later everything

was fine.  The patient was no longer in respiratory distress and the heart had resolved to

normal range.

29. In Norwalk Hospital, it is understood from longstanding hospital culture and policy that self

reporting is non-punitive for the sake of transparency and for improved safety measures.

30. The Hospital waited for a week after the incident until after Hanukkah to terminate the

Plaintiff on December 22, 2017.

31. The reason given for the termination was the self-reported event was dangerous beyond

acceptance.

32. The Hospital did not follow its disciplinary procedure in the termination and did not follow

union contract procedures.

33. The reason for the termination was pretextual (false).  The real reason for the termination was discrimination against the Plaintiff on the basis of his age, gender and religion and retaliation for opposing unlawful employment actions.

34. At the time of the Plaintiff's termination, there were no male nurses working in a management capacity at Norwalk Hospital.

## IV.  Count One: Violations of The Age Discrimination in Employment Act of 1967 as Amended, 29 U.S.C. Sections 621 et seq.

35. The Defendant violated the Age Discrimination in Employment Act of 1967 as Amended, 29 U.S.C. Sections 621 et seq. by discriminating against the Plaintiff on the basis of his age.

## V. Count Two: Violations of Title VII of the Civil Rights Act of 1964 as Amended, 42 U.S.C. Sections 2000e et seq. – discrimination based on religion.

36. The Defendant violated Title VII of the Civil Rights Act of 1964 as Amended, 42 U.S.C. Sections 2000e et seq. by discriminating against the Plaintiff on the basis of his religion.

**VI. Count Three: Violations of Title VII of the Civil Rights Act of 1964 as Amended, 42 U.S.C., Sections 2000e et seq. – discrimination based on gender**

37. The Defendant violated Title VII of the Civil Rights Act of 1964 as Amended, 42 U.S.C. Sections 2000e et seq. by discriminating against the Plaintiff on the basis of his gender.

**VII. Count Four: Violations of Connecticut General Statutes Section 46a-60 – discrimination based on age**:

38. The Defendant violated the provisions of Connecticut General Statutes Section 46a-60 because it discriminated against the Plaintiff on account of the Plaintiff's age.

**VIII.    Count Five: Violations of Connecticut General Statutes Section 46a-60 – discrimination based on religion:**

39. The Defendant violated the provisions of Connecticut General Statutes Section 46a-60 because it discriminated against the Plaintiff on account of the Plaintiff's religion.

**IX. Count Six: Violations of Connecticut General Statutes Section 46a-60 – discrimination based on gender:**

40. The Defendant violated the provisions of Connecticut General Statutes Section 46a-60

because it discriminated against the Plaintiff on account of the Plaintiff's gender.


**X. Count Seven: Defamation**:

41. The statements that the Plaintiff had made a serious work error were false and were made

willfully and/or recklessly and/or negligently.

42. The statements were published to third parties including but not limited to the Plaintiff's co-

workers and outside third parties who inquired about the Plaintiff's reason for no longer being

employed with the Defendant.

43. The statements identified the Plaintiff specifically.

44. Because of the defamatory statements that were made about the Plaintiff he was not offered

any jobs at any of the regional hospitals (St. Vincent's, Greenwich, Stamford) despite having

substantial credentials and references.  He was only offered 2 interviews at Bridgeport Hospital

and was not granted an interview in the cardiology department despite a personal endorsement

by a cardiologist at the Hospital.

45. The Defendant's commission of defamation has caused the Plaintiff damages including but

not limited to damage to his reputation and difficulty finding another job.

**XI. Count Eight: Negligent Infliction of Emotional Distress:**

46. The Defendant's negligent conduct of accusing the Plaintiff making a serious work error involved an unreasonable risk of causing the Plaintiff emotional distress that might result in bodily harm.

47. Plaintiff did in fact suffer severe emotional distress.

48. Plaintiff's emotional distress was foreseeable by the Defendant.

49. Defendant's wrongful conduct occurred during the termination process.

50. Plaintiff's emotional distress was severe enough that it resulted in both illness and bodily harm.

51. The Defendant's conduct was the cause of the Plaintiff's severe emotional distress and the Plaintiff suffered substantial damages as a result.


**XII. Damages/Prayer for Relief**:

52.  As a result of Norwalk Hospital's unequal treatment and discriminatory treatment of the Plaintiff and defamation of the Plaintiff, the Plaintiff has suffered financial and emotionally.  His career path has been forever altered negatively and he has lost opportunities for employment and he has suffered emotional distress as a result of the intentional discrimination.

53.  As to all Counts, the Plaintiff prays for the following:

    a.  Compensatory Damages;

    b.  Emotional Distress Damages;

    c.  Economic Damages;

    d.  Equitable Damages;

    e.  Attorney's Fees and Costs;

    f.  Punitive Damages;

    g.  All Other Damages Available.

THE PLAINTIFF:

By:___/s/ Daniel H. Kryzanski ct 15620
      Daniel H. Kryzanski, Esq.
      Law Offices of Daniel H. Kryzanski
      30 Ferry Blvd. #2
      Stratford, CT 06615
      Phone: (203) 380-1384
      Fax: (203) 380-1598
      Bar: CT 15620