UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OLIVER WELLINGTON,                    :
      Plaintiff,                    :
                                    :
v.                                     :          3:18-cv-02143-WWE
                                    :
NORWALK HOSPITAL,                     :
      Defendant.                    :

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

This is an employment discrimination action. Plaintiff Oliver Wellington alleges that

defendant Norwalk Hospital discriminated against him based upon his age, religion, and

gender in violation of federal and Connecticut law. In addition, Wellington alleges

defamation and negligent infliction of emotional distress.

Norwalk Hospital has moved to dismiss the state law discrimination claims (Counts

Four, Five, and Six) for failure to exhaust administrative remedies. The Hospital has also

moved to dismiss Wellington's defamation and negligent infliction of emotional distress

claims (Counts Seven and Eight) for failure to state a claim. For the following reasons,

defendant's motion will be granted.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the

complaint, not to assay the weight of the evidence which might be offered in support

thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d

Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded

allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v.

King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the

claim rests through factual allegations sufficient "to raise a right to relief above the

speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

**Exhaustion of Administrative Remedies**

Norwalk Hospital argues that Wellington's state discrimination claims are not legally sustainable, as Wellington failed to exhaust his administrative remedies and obtain a release of jurisdiction from the Commission on Human Rights and Opportunities ("CHRO"). Moreover, defendant asserts that any attempt to do so now would be untimely. Wellington acknowledges the exhaustion requirement, yet responds, without support, that an EEOC release "should be sufficient" to provide jurisdiction for state law claims even though no CHRO release has been filed.

> Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum.... In the absence of exhaustion of that remedy, the action must be dismissed.

<u>Levine v. Town of Sterling</u>, 300 Conn. 521, 528 (2011). In the instant case, Wellington's failure to bring his complaint to the CHRO forecloses his access to judicial relief, because it deprives this trial court of jurisdiction to hear his complaint. <u>See</u> <u>Sullivan v. Board of Police Com'rs of City of Waterbury</u>, 196 Conn. 208, 217-18 (1985) (finding that failure to bring complaint to the CHRO should have resulted in trial court's *sua sponte* dismissal of the cause of action); <u>see also</u> <u>Fried v. LVI Services, Inc.</u>, 557 Fed. Appx. 61, 63 (2d Cir. 2014) (summary order) ("It is undisputed that CFEPA claims must initially go through the CHRO, and may not be sued upon until the CHRO grants a release of jurisdiction."). Moreover, an EEOC right-to-sue letter is not sufficient to satisfy the exhaustion requirements of the

CFEPA.  See Edwards v. William Raveis Real Estate, Inc., 2009 WL 1407233, at *3-4 (D. Conn. May 19, 2009) (holding that although release provided by the CHRO can be sufficient to satisfy EEOC exhaustion requirements, the inverse is not true).  Accordingly, Wellington's state law discrimination claims will be dismissed for failure to exhaust administrative remedies.

**Defamation**

Norwalk Hospital has moved to dismiss Wellington's defamation claim for failure to state a claim.  The Hospital contends that Wellington has failed to adequately plead the details of any alleged defamatory conduct.

"A defamatory statement is defined as a communication that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him … To establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement."  Graves v. Chronicle Printing Company, 2018 WL 6264070, at *9 (Conn. Nov. 7, 2018) (quoting Gambardella v. Apple Health Care, Inc., 291 Conn. 620, 627-28 (2009)).

"A complaint is insufficient to withstand dismissal for failure to state a cause of action where, other than the bare allegation that the defendant's actions caused injury to plaintiff's reputation, the complaint sets forth no facts of any kind indicating what defamatory statements, if any, were made, when they were made, or to whom they might have been made."  Kloth v. Citibank (South Dakota), N.A., 33 F. Supp. 2d 115, 121 (D. Conn. 1998).

Wellington responds that his allegations of defamation "sufficiently apprise" Norwalk Hospital as to the defamatory statements. Nevertheless, Wellington's defamation claim, as pleaded, fails to identify who made statements, how they were made, to whom they were made, and when they were made. Moreover, plaintiff's complaint does not include the specific language of any statements, beyond that Wellington "had made a serious work error." Accordingly, Wellington's defamation claim will be dismissed for failure to state a claim.

**Negligent Infliction of Emotional Distress**

Norwalk Hospital has moved to dismiss Wellington's negligent infliction of emotional distress claim for failure to state a claim. The Hospital argues, in part, that Wellington has failed to allege any unreasonable conduct occurring during the termination process. See Parsons v. United Technologies Corp., Sikorsky Aircraft Div., 243 Conn. 66, 88 (1997) ("[N]egligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process.").

Wellington responds that he has alleged that "at least part of the reason for his termination was related to the accusation that he made a 'serious work error.'" Stripped of its labels and conclusions, Wellington's allegations do not describe any wrongful conduct aside from the basis for Wellington's termination: a serious work incident involving a "medication discrepancy." Nevertheless, allegations that the employer had a wrongful purpose are insufficient. See id. 234 Conn. at 88-89 ("The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress."). In other words, plaintiffs must allege conduct involving an unreasonable risk of causing emotional distress that might result in illness or bodily harm apart from the basis for the termination itself. See id. Wellington's allegations are

insufficient to state a claim for negligent infliction of emotional distress because they merely describe an allegedly wrongful basis for his termination. Accordingly, this claim will be dismissed.

## CONCLUSION

For the foregoing reasons, Norwalk Hospital's motion to dismiss is GRANTED. Plaintiff is instructed to file an amended complaint that is consistent with this ruling within 14 days of this ruling's filing date.

Dated this 13th day of June, 2019, at Bridgeport, Connecticut.


_____/s/Warren W. Eginton_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE